# Richmond

## Joe McCullough v. Commonwealth of Virginia.

December 6, 1943.

Record No. 2761.

Present, Campbell, C. J., and Hudgins, Gregory, Eggleston and Spratley, JJ.

The opinion states the case.

*William T. Parker*, for the plaintiff in error.

*Abram P. Staples, Attorney General*, and *Edwin B. Jones*, for the Commonwealth.

SPRATLEY, J., delivered the opinion of the court.

Joe McCullough was convicted of maintaining a common nuisance by dispensing alcoholic beverages in violation of section 55 of The Alcoholic Beverage Control Act. Virginia Code, 1942, (Michie) chapter 184A, section 4675(55). In accordance with the verdict of the jury, he was sentenced to twelve months in jail and fined $100.

The sole question for our decision is whether the trial court erred in refusing to strike the evidence as insufficient to justify the verdict.

The material and pertinent provisions of Code, section 4675(55) are as follows:

"All houses, * * * and places of every description * * *, where alcoholic beverages are manufactured, stored, sold, dispensed, given away or used contrary to law by any scheme or device whatever, shall be held, taken and deemed common nuisances. Any person who shall maintain or who shall aid or abet or knowingly be associated with others in maintaining such common nuisances shall be guilty of a misdemeanor * * * ."

No evidence was offered on behalf of the defendant. All of the facts before the jury were presented by three witnesses for the Commonwealth, two city police officers and an inspector of the Alcoholic Beverage Control Board.

Acting upon numerous complaints concerning disorderly conduct on the premises occupied by McCullough as a home, two police officers and an inspector of the Alcoholic Beverage Control Board, armed with a search warrant, went to his home on the night of October 17, 1942. They heard loud noises and profane language coming from the premises, and they stayed on the opposite side of the street for

thirty or thirty-five minutes. While there, they saw a number of people enter and leave McCullough's home. When they entered they found nine persons present besides the defendant, some of whom were drunk and some disorderly. Upon a search of the house, they found twenty-four twelve-ounce bottles of beer, a case of quart bottles of beer iced in a keg, one empty bottle of beer and one partially filled, a whiskey bottle which had a small quantity of whiskey in it, six full pint bottles of whiskey in a trunk, and several "nip glasses" in the kitchen, which had a strong odor of whiskey in them.

The defendant admitted that the six pints of whiskey belonged to him. All of the liquor was properly stamped.

McCullough told the officers that he had the beer and whiskey on the premises to give to his friends, and that he did give it to them when he thought they had put enough money in the juke box, the mechanical musical machine, which he had in the house.

The police officers had gone to the house, which is located in a notorious section of the city of Portsmouth, on numerous occasions before, and had warned the defendant about disorder arising there. On each occasion, a number of people were found there who had been drinking. One officer said that each time he went to the house he found empty whiskey bottles "ankle deep" in the lane of the premises. A couple had been arrested there for fornication on May 5, 1942, and others were arrested there for gambling on August 10, 1942. None of the officers had ever seen any whiskey or beer sold on the premises. When the defendant was asked by one of the officers, why he did not go to work and change his conduct, McCullough, without making any denial of a violation of the law, replied that he did not know.

The foregoing evidence on the motion to strike is to be taken as true. Moreover it was not contradicted, and none of the incriminatory inferences therefrom were explained.

■ The mere recital of the evidence points unerringly to the guilt of the defendant. Every fact and every reasonable inference therefrom is consistent with his guilt and inconsis-

tent with his innocence. Indeed, one would be credulous to accept any other conclusion.

The scheme or device of dispensing whiskey to persons who contribute a sufficient sum for juke box music is but a reversal of the older procedure of furnishing music or other amusement to purchasers and consumers of whiskey. It is a subterfuge outlawed by the statute.

This case may be readily distinguished from *Dudley* v. *Commonwealth*, 174 Va. 466, 5 S. E. (2d) 473, 474, and *St. Clair* v. *Commonwealth*, 174 Va. 480, 5 S. E. (2d) 512.

In each of those two cases there was evidence which explained away the strong suspicion of guilt which attended the respective circumstances. In the present case there is no explanation, either in the facts or in the circumstances. Here both the facts and circumstances sustain the jury's verdict.

The judgment of the trial court is affirmed.

*Affirmed.*